■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY COLLINS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered November 4, 1976, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. By not raising the issue before Criminal Term, defendant has failed to preserve for appeal his challenge to the validity of his guilty plea (see *People v Pellegrino,* 60 NY2d 636; *People v Warren,* 47 NY2d 740). Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAKOB JONTEF, Appellant. — Appeal by defendant from four judgments of the Supreme Court, Kings County (Moskowitz, J.), all rendered February 11, 1981, convicting him of criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the second degree, upon pleas of guilty, and imposing sentences. Judgments affirmed. Defendant claims that he was twice placed in jeopardy with respect to two of the charges to which he pleaded. Defendant raised the identical double jeopardy contention in a CPLR article 78 proceeding prior to his plea, and is therefore precluded under the doctrine of *res judicata* from raising that issue on this appeal (*People v Di Raffaele,* 55 NY2d 234). Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN HEWITT, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Richmond County (Barlow, J.), each rendered December 27, 1978, convicting him on indictment number 48/78 of robbery in the first degree and grand larceny in the second degree, upon a jury verdict, convicting him on indictment number 49/78 of attempted robbery in the third degree, upon his plea of guilty, and imposing sentences as a second felony offender, and from an amended judgment of the same court (Di Vernieri, J.), adjudicating him in violation of probation, upon his plea of guilty, and imposing sentence to a term of imprisonment under indictment number 127/77. Judgments and amended judgment affirmed. When defendant was sentenced as a second felony offender he was advised that the prosecutor had filed a statement pursuant to CPL 400.21 setting forth his prior felony conviction, upon his plea of guilty, of robbery in the third degree, by judgment of the Supreme Court, Richmond County, rendered September 7, 1977. By admitting the truth of the allegations in the second felony offender statement at the time the sentences were imposed, defendant waived any objections he might have had to the use of that prior felony conviction as a basis for adjudicating him a predicate felon (CPL 400.21, subds 3, 4). Thus, he waived his claim that his guilty plea to robbery in the third degree was not voluntarily and knowingly entered because he was not advised of his right to confront witnesses and his privilege against self incrimination (CPL 400.21, subd 7, par [b]; see *People v Bryant,* 47 AD2d 51, 62-63). Defendant's claim that his counsel's failure to request a second felony offender hearing denied him effective assistance of counsel is dependent upon facts dehors the record and must "be proved, if at all * * * in a proceeding maintainable under CPL [article] 440" (see *People v Johnson,* 51 NY2d 986, 988). We have considered defendant's other contention and find it to be without merit. Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.