■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY RYLES, Appellant. [636 NYS2d 647] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered May 18, 1994, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the four page waiver of indictment complied with the requirements of CPL 195.20. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAIM SALIM, Appellant. [636 NYS2d 647] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 16, 1993, convicting him of criminal possession of a forged instrument in the second degree, criminal possession of a forgery device, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant has failed to preserve for appellate review his claim that he was not properly adjudicated a second felony offender (*see, People v Smith*, 73 NY2d 961; *People v DeGroat*, 203 AD2d 378). In any event, he waived this issue (*see*, CPL 400.21; *People v Hewitt*, 97 AD2d 828; *People v Quattrocchi*, 121 AD2d 479). Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.