■ CLIFTON LAWSON, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [636 NYS2d 126] —In an action to recover damages for false arrest and imprisonment and malicious prosecution, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered March 7, 1994, which, upon an order of the same court, dated February 18, 1994, inter alia, granting the separate motions of the

defendants for summary judgment, dismissed the complaint. The plaintiff's notice of appeal from the order dated February 18, 1994, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, so much of the order dated February 18, 1994, as granted those branches of the defendants' motions which were to dismiss the cause of action sounding in false arrest and false imprisonment is vacated, those branches of the motions are denied, and that cause of action is reinstated.

To maintain his cause of action to recover damages for malicious prosecution, the plaintiff Clifton Lawson was required to overcome the presumption of probable cause created by the indictment returned by the Grand Jury *(see, Colon v City of New York,* 60 NY2d 78). The plaintiff cites variations in the testimony at trial, as well as the defendants' failure to pursue further avenues of investigation, as evidence of fraud, suppression of evidence, and perjury sufficient to overcome this presumption. However, his allegations are insufficient as a matter of law to defeat the defendants' motions for summary judgment as to the claim of malicious prosecution *(see, Colon v City of New York, supra).*

As to the cause of action to recover damages for false arrest and false imprisonment, the defendants were required to show that the arrest and imprisonment of the plaintiff were supported by probable cause *(see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). Only probable cause existing at the time of the arrest can validate the arrest and relieve the defendants of liability under this cause of action *(see, Broughton v State of New York, supra).* The evidence the defendants submitted in support of their motions as to the information they had at the time of the plaintiff's arrest was insufficient to conclusively establish probable cause for the arrest. Therefore, the defendants failed to establish their entitlement to judgment as a matter of law on that cause of action.

The plaintiff's remaining contention is without merit. Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.