■ Maria Gkanios, Also Known as Marie Gkanios, Appellant, v Home Savings of America et al., Respondents. [683 NYS2d 866] —In an action, *inter alia*, to recover damages for malicious prosecution and intentional infliction of emotional

distress, the plaintiff appeals from an order of the Supreme Court, Putnam County (Jiudice, J.), dated December 30, 1997, which granted the respective motions of the defendants Pamela M. Carroll, Paul F. Stockschlaeder, Stockschlaeder, McDonald & Sules, and Nicholas J. Boland for summary judgment dismissing the complaint in its entirety.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff's complaint is predicated upon a claim that the respondents Pamela M. Carroll, Paul F. Stockschlaeder, Stockschlaeder, McDonald & Sules, and Nicholas J. Boland (hereinafter the respondents), lawyers who represented the respondent bank in an unrelated action to foreclose on a mortgage executed by the plaintiff, obtained a judgment in favor of the bank by, *inter alia*, fraud, perjury, and conspiracy. The Supreme Court properly dismissed the plaintiff's first, third, and fourth causes of action, which sounded in malicious prosecution. The judgment which was rendered in favor of the bank constitutes prima facie evidence that the respondents, as counsel for the bank, had cause for bringing the foreclosure action (*see, Scomello v Caronia,* 232 AD2d 625; *Lawson v New York City Hous. Auth.,* 223 AD2d 532; *Campo v Wolosin,* 211 AD2d 660; *Whitmore v City of New York,* 80 AD2d 638; *Caminito v City of New York,* 25 AD2d 848, 849, *affd* 19 NY2d 931). The plaintiff's conclusory and unsubstantiated allegations were insufficient to rebut this presumption or to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

Furthermore, the respondents established a prima facie showing of entitlement to summary judgment with respect to the second cause of action, alleging intentional infliction of emotional distress, as their conduct was not extreme and outrageous (*see, Howell v New York Post Co.,* 81 NY2d 115, 121; *Freihofer v Hearst Corp.,* 65 NY2d 135; *Nader v General Motors Corp.,* 25 NY2d 560).

We have not considered those issues raised by the plaintiff which are not properly before the Court on this appeal. Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.