■ In the Matter of ROY MARTIN, Petitioner, v CHARLES J. HYNES et al., Respondents. [687 NYS2d 387] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying the petitioner on Kings County Indictment No. 10425/97 on the ground that retrial would violate the prohibition against double jeopardy.

Adjudged that petition is denied and the proceeding is dismissed, without costs or disbursements.

We reject the petitioner's contention that retrying him on Kings County Indictment No. 10425/97 would violate the prohibition against double jeopardy. At his first trial, the jury acquitted the defendant of charges of criminal possession of controlled substances, but declared themselves deadlocked on charges of criminal possession of a weapon.

Pursuant to CPL 310.60 (1) (a), a mistrial may be declared when the jury has deliberated for an extensive period of time without agreeing upon a verdict and the court is satisfied that any such agreement is unlikely within a reasonable time. Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the Trial Judge, who is in the best position to determine whether a mistrial is required under the circumstances of the case, and this decision must be accorded great deference (*see, Matter of Plummer v Rothwax,* 63 NY2d 243; *People v Sparacino,* 150 AD2d 814). Since the jury appeared to be genuinely deadlocked, it would have served no purpose to order them to continue to deliberate. Therefore, the trial court did not improvidently exercise its discretion in declaring a mistrial and there is no bar to a retrial (*see, Matter of Plummer v Rothwax, supra; People v Sparacino, supra*). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.