■ In the Matter of MARK BROWN, Petitioner, v RICHARD A. BROWN et al., Respondents. [691 NYS2d 907] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying the petitioner under Queens County Indictment No. 176/98 on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense, and application for leave to prosecute the proceeding as a poor person.

Ordered that the application is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The declaration of a mistrial due to a deadlocked jury is a matter of discretion for the trial court, which is in the best position to determine whether a mistrial is required under the circumstances of the case, and its decision must be accorded great deference (*see, Matter of Plummer v Rothwax*, 63 NY2d 243). The trial court did not improvidently exercise its discretion in declaring a mistrial, as the jury appeared to be genuinely deadlocked and it would have served no purpose to order them to continue to deliberate. Accordingly, there is no bar to a retrial (*see, Matter of Plummer v Rothwax, supra; Matter of Martin v Hynes*, 259 AD2d 547; *Matter of Spivack v Brown*, 259 AD2d 488).

The petitioner's remaining contention is without merit. Joy, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.