■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO BOSTON, Appellant. [746 NYS2d 28] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered July 20, 1999, convicting him of arson in the second degree, reckless endangerment in the first degree, and menacing in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was charged, inter alia, with arson in the second degree, for setting fire to the kitchen of his girlfriend's apartment. The People's case included testimony from the complainant that on the day of the fire she and the defendant had argued and she left the apartment. The People also presented testimony from the complainant's aunt, that the complainant, in a frantic telephone call made after she

discovered the fire, told her that the defendant had set fire to the apartment. The defendant's videotaped statement, in which he claimed that he had left the apartment while oil was cooking on the stove, but did not intend to set fire to the apartment, was introduced into evidence. Moreover, two fire marshals testified that their investigation of the fire revealed that it had at least two points of origin, neither of which was the stove, and gave their expert opinion that, to a reasonable degree of scientific certainty, the fire was not started accidentally. The defendant's case consisted of expert testimony to the effect that it was impossible to determine the cause of the fire, or where it originated.

The defendant asserts three grounds for reversal. First, he claims that the trial court improperly denied his motion for a mistrial after it was discovered that certain documents referencing his prior criminal record were erroneously included with exhibits submitted to the jury. Second, he argues that the trial court erred in overruling his objection to the hearsay testimony of the complainant's aunt. Finally, he alleges that the trial court should have granted his request for a circumstantial evidence charge.

We reject the defendant's contention that he is entitled to reversal based on the inadvertent submission to the jury of documents indicating that he had a criminal record. The trial court providently exercised its discretion in giving the jury a curative instruction, rather than granting the defendant's request for a mistrial (see People v Young, 48 NY2d 995, 996).

However, we agree with the defendant that the judgment must be reversed based upon the trial court's improper admission of hearsay evidence and the failure to give a circumstantial evidence charge. The trial court overruled the defense counsel's objection to testimony by the complainant's aunt that the complainant had told her that the defendant set fire to the apartment, finding that the testimony was admissible as an excited utterance. However, since it was undisputed that the complainant did not observe the defendant set the fire, her statement to her aunt that he had set fire to the apartment did not qualify as an excited utterance (see People v Caviness, 38 NY2d 227, 232; People v Stewart, 265 AD2d 586; People v Matos, 107 AD2d 823). Thus, the statement constituted inadmissible hearsay.

The trial court also erred in denying the defendant's request for a circumstantial evidence charge. The trial court rejected the defense argument that the People's case was based entirely upon circumstantial evidence, finding that the defendant's

statement that he may have unintentionally caused the fire by leaving oil burning on the stove constituted direct evidence of the defendant's guilt. However, the People's theory of the case was that the defendant's statement was untrue, based upon the testimony of the fire marshals, who testified that the fire did not originate at the stove, and was not started accidentally. The People, having proceeded on the theory that the defendant's statement was untrue, and having presented evidence to discredit the statement, could not then rely upon that same statement as direct evidence of the defendant's guilt (cf. People v Burke, 62 NY2d 860; People v Sanchez, 61 NY2d 1022, 1023). Thus, the People's case was entirely circumstantial, and the court erred in denying the defendant's request for a circumstantial evidence charge.

Since the evidence of the defendant's guilt was not overwhelming, the errors were not harmless. Therefore, we reverse the judgment of conviction, and order a new trial. Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.