■ In the Matter of DANNY SMITH, Petitioner, v ALAN MARRUS et al., Respondents. [826 NYS2d 263]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition, to prohibit the respondents from proceeding with the retrial of the petitioner, Danny Smith, who is the defendant in a criminal action entitled *People v Smith*, pending in the Supreme Court, Kings County, under indictment No. 4187/04.

Adjudged that the petition is denied, without costs or disbursements, and the proceeding is dismissed on the merits.

The Double Jeopardy Clauses of the state and federal constitutions protect an accused from multiple prosecutions for the same offense (*see* US Const 5th Amend; NY Const, art I, § 6). In a jury trial, once the jury is empaneled and sworn, jeopardy attaches (*see* CPL 40.30 [1] [b]; *People v Ferguson*, 67 NY2d 383 [1986]), and the defendant has a " 'valued right to have his trial completed by a particular tribunal' " (*People v Ferguson, supra* at 388, quoting *Illinois v Somerville*, 410 US 458, 466 [1973]). "Where a mistrial is granted without the consent or over the objection of a defendant, retrial is barred by double jeopardy protections unless there was manifest necessity for the mistrial or the ends of public justice would be defeated" (*People v Ferguson, supra* at 388 [internal quotations omitted]).

A hopelessly deadlocked jury presents the "classic case for a proper mistrial" (*Arizona v Washington*, 434 US 497, 509-510 [1978]). "Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the Trial Judge, who is in the best position to determine whether a mistrial is required under the circumstances of the case, and this decision must be accorded great deference" (*Matter of Martin v Hynes*, 259 AD2d 547, 548 [1999]; *see Matter of Plummer v Rothwax*, 63 NY2d 243 [1984]; *People v Wincelowicz*, 258 AD2d 602 [1999]; *People v Sparacino*, 150 AD2d 814 [1989]). Here, the trial was brief, the jury had already reached a verdict on one of the two counts submitted to it, the issue that remained to be resolved was a simple one, and the jury had twice reported its inability to reach a verdict on the remaining count. In these circumstances, the jury appeared to be genuinely deadlocked and it would have served no purpose to provide additional instructions or to order it to continue to deliberate. Therefore, the Supreme Court properly determined that manifest necessity existed and providently exercised its discretion in declaring a mistrial. Accordingly, there is no bar to a retrial (*see Matter of Plummer v*

*Rothwax, supra; Matter of Martin v Hynes, supra; People v Wincelowicz, supra; People v Sparacino, supra*).

In light of the foregoing, we need not reach the People's remaining contention. Schmidt, J.P., Spolzino and Covello, JJ., concur.

Crane, J. (dissenting and voting to grant the petition). Even with the deference to be accorded the determination of the trial court, I do not agree that there was a manifest necessity to declare a mistrial. Consequently, I respectfully dissent and vote to grant the petition.

The petitioner, Danny Smith, was charged with, inter alia, attempted robbery in the first degree and criminal possession of a weapon in the second degree under Kings County indictment No. 4187/04. His trial commenced in the Supreme Court, Kings County, on Thursday, June 23, 2005. The jury was selected that day, and the case was adjourned to Monday, June 27, 2005. On that date, the court delivered its preliminary instructions, the parties gave their opening statements, and testimony began. On Tuesday, June 28, 2005, the testimony, including the petitioner's own testimony, was completed. It was expected that summations and the charge would take place on Wednesday, June 29, 2005.

The petitioner, however, failed to appear in court on Wednesday, June 29, 2005, and Thursday, June 30, 2005. On Thursday a bench warrant was issued for his arrest. On Friday, July 1, 2005, the court found that the petitioner had willfully absconded, and it decided to proceed with the trial in his absence on the ground that the petitioner had knowingly waived and forfeited his right to be present (*see People v Sanchez*, 65 NY2d 436, 443-444 [1985]; *People v Parker*, 57 NY2d 136, 140 [1982]). That day, the parties delivered their summations, the court issued its charge, and the jury began its deliberations.

After a few hours of deliberation, during which time the court reinstructed the jury on attempted robbery, the jury returned a partial verdict, acquitting the petitioner of criminal possession of a weapon in the second degree. The jury remained undecided, however, on the remaining count submitted, attempted robbery in the first degree. Noting that it was only the first day of deliberations and that the jury had not deliberated "that long," the court proposed to instruct the jury to continue its deliberations on the attempted robbery count. Defense counsel objected; it is worth noting that counsel's objection was not grounded on a jury deadlock, but on possible repugnancy. Rejecting defense counsel's argument, the court instructed the jury as follows: "The verdict that you have rendered on the weapons charge

does not resolve this case. We need a verdict from you on the attempted robbery charge to resolve the case. So, I direct you to continue your deliberations in an attempt to reach a verdict on that charge. Please continue deliberating.''

Two hours later, after deliberating only a few hours in total, the jury sent the court another note, which indicated that it still had not reached a verdict on the attempted robbery count. The court told the attorneys: ''[t]he jury has sent out a note: 'We stand firm on this, 10 to 2.' '' The court recognized that it could either declare a mistrial or bring the jury back on Tuesday, July 5, 2005, after the long July 4th weekend: ''I can do either one, under the circumstances.'' The prosecutor opposed a mistrial, and defense counsel took no position. The court again stated that it had two options:

''I can do either one.

''Under the law, a mistrial can be declared when a jury is hopelessly deadlocked. While the jury has not been deliberating that long, this is the first day they got the case. The fact of the matter is, they sent me two notes that they can't agree. The second note says 'we stand firm on this,' which is pretty close to saying we are hopelessly deadlocked.

''Also, they violated my instruction not to send me a note with the result of a vote. They put the vote on there. We don't know it, but it's 10 to 2 for acquittal or conviction. I am now dealing with a jury that I don't think can reliably deliberate on this matter any further and reach a verdict so . . .''

At that point, defense counsel, after consulting with a colleague, interrupted the court and joined the prosecutor in opposing a mistrial; the court said it was ''shocked,'' confirmed that the prosecutor had not changed her position opposing a mistrial, and then continued:

''Again, I believe, putting everything together here, the record should reflect, this is the Friday before the July 4th weekend, that the jurors, I think, have communicated that they are hopelessly deadlocked by this note. 'We stand firm on this,' it says. I take that as hopelessly deadlocked.

''Under the circumstances here, since they violated my instructions not to send me the results of the vote, I think that is another factor that I have to consider here, I would only take a verdict from a jury that would be a verdict that would be reflective of the law and the evidence; since they have already not followed the law, as I gave it, and also they are resolute on this vote, this is a hopeless situation to get a reliable verdict from this jury. So I will declare a mistrial on the remaining count of attempted robbery in the first degree.''

The court declared a mistrial and dismissed the jury.

A few weeks later, the petitioner was arrested on the bench warrant. Thereafter, he commenced this CPLR article 78 proceeding to prohibit a retrial. He claims that a retrial would violate his right not to be placed twice in jeopardy for the same offense. Under the circumstances, I am constrained to agree.

As the majority recognizes (majority op at 709), the Double Jeopardy Clauses of the state and federal constitutions protect an accused from multiple prosecutions for the same offense and that, unless there is "manifest necessity or the ends of public justice would be defeated," a mistrial granted without the defendant's consent bars retrial (*People v Ferguson*, 67 NY2d 383, 388 [1986]). I of course agree with the majority that whether a mistrial should be granted because a jury is dead-locked is a matter addressed to the discretion of the trial court, and that the determination of the trial court should be accorded great deference (*see Matter of Plummer v Rothwax*, 63 NY2d 243, 250 [1984]; *Matter of Martin v Hynes*, 259 AD2d 547, 548 [1999]).

The trial judge's discretion is not unlimited, however, and "great deference" does not allow us to ignore an abuse of discretion. "In determining whether such manifest necessity exists, there must be a high degree of necessity before concluding that a mistrial is appropriate, *i.e.*, the reasons underlying the grant of a mistrial must be 'necessitous, actual and substantial' " (*Matter of Cohen v Lotto*, 19 AD3d 485, 486 [2005], quoting *Matter of Kleigman v Justices of Supreme Ct., Kings County*, 285 AD2d 646, 647 [2001]; *see People v Baptiste*, 72 NY2d 356, 360 [1988]). Even if the reasons for granting a mistrial are deemed actual and substantial, "[t]he court has a duty to consider alternatives to a mistrial and to obtain enough infor-mation so that it is clear that a mistrial is actually necessary" (*People v Holland*, 248 AD2d 636 [1998]; *see People v Baptiste, supra* at 361-362; *People v Michael*, 48 NY2d 1, 9-10 [1979]; *Matter of Cohen v Lotto, supra* at 487; *Matter of Pronti v Allen*, 13 AD3d 1034, 1036 [2004]; *Matter of Newman v Brennan*, 2 AD3d 447, 448 [2003]; *Matter of Guido v Berkman*, 116 AD2d 439, 444 [1986]).

Here, manifest necessity did not support the court's declara-tion of a mistrial where the jury had deliberated for only a few hours on one afternoon, its note did not convey that it was hopelessly deadlocked, the court did not ask whether it believed that further deliberations would be fruitless, and the court did not deliver any instruction even reminiscent of an *Allen* charge (*see People v Ferguson, supra* at 388; *People v Michael, supra* at

9). Although the brief duration of these deliberations was not "per se insufficient as a matter of law" (*Matter of Plummer v Rothwax*, 63 NY2d 243, 251 [1984]), the trial court, in short, failed to adequately explore whether further deliberations would be fruitless (*see People v Baptiste, supra; Matter of Plummer v Rothwax, supra*). Indeed, I cannot avoid concluding from this record that the petitioner's absence despite being warned pursuant to *People v Parker* (*supra*) and the looming long holiday weekend were the predominant factors in the court's determination that a mistrial should be declared.

Contrary to the People's contention, the petitioner did not waive or forfeit his double jeopardy defense by absconding prior to jury deliberations. The petitioner's absence did not alter the fact that jeopardy attached to his continuing trial, nor did it alter his right to have defense counsel oppose the declaration of a mistrial on his behalf (*cf. People v Ferguson, supra* at 390).