In the Matter of ENRIQUE RIVERA, Petitioner, v NEIL JON FIRETOG, as Justice of the Supreme Court of the State of New York, et al., Respondents. [844 NYS2d 116]—

Proceeding pursuant to CPLR article 78 in the nature of pro-

hibition, inter alia, to prohibit the respondents from retrying the petitioner in a criminal action entitled *People v Rivera*, pending in the Supreme Court, Kings County, under indictment No. 1453/05, on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondents are prohibited from retrying the petitioner in the criminal action entitled *People v Rivera* pending under Kings County indictment No. 1453/05.

The petitioner was indicted for murder in the second degree and criminal possession of a weapon in the fourth degree arising from a barroom confrontation that ended in a stabbing death. At a trial on the indictment, the jury was charged on murder in the second degree and the lesser-included offenses of manslaughter in the first degree and manslaughter in the second degree. The jury was instructed to reach the manslaughter counts only if it acquitted the defendant on the murder count. During the course of the deliberations, which spanned six days, the jury, inter alia, requested various read backs and instructions relevant to the manslaughter counts. Thus, there was some evidence that the jury had reached a verdict on the murder count. However, the trial court denied several requests by defense counsel to inquire whether a partial verdict had been reached. On the sixth day of deliberations, a mistrial was declared after the jury sent the Trial Justice a note stating, "we cannot come to a unanimous decision." The petitioner commenced this proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying him on the indictment on the ground of double jeopardy. We grant such relief.

The Double Jeopardy Clauses of the state and federal constitutions protect an accused from being placed twice in jeopardy for the same offense (*see People v Baptiste*, 72 NY2d 356, 359 [1988]; *Matter of Smith v Marrus*, 33 AD3d 708, 709 [2006]; US Const 5th Amend; NY Const, art I, § 6). In a jury trial, jeopardy attaches once the jury is empaneled and sworn (*see People v Ferguson*, 67 NY2d 383, 388 [1986]; *Matter of Smith v Marrus, supra*; CPL 40.30 [1] [b]). "As a general rule, the prosecutor is entitled to one, and only one, opportunity to require the accused to stand trial, for a defendant possesses a 'valued right' to have his trial completed by a particular tribunal on the first presentation of the evidence" (*People v Baptiste* at 359-360; *see People v Ferguson, supra*; *Matter of Smith v Marrus, supra*). This valued right, however, may be subordinated to the public interest in seeing that a criminal prosecution proceed

to verdict (*see People v Baptiste* at 360). A "classic example" of charges that may be retried when the first trial has been aborted without the defendant's consent is presented when the jury reaches an impasse and is unable to arrive at a verdict, i.e., deadlock (*People v Baptiste, supra; see also Matter of Smith v Marrus, supra*). Whether a jury is deadlocked and a mistrial is required is a determination within the discretion of the trial judge, and the exercise of such discretion is entitled to great deference (*see People v Baptiste, supra; Matter of Smith v Marrus, supra*). However, it is not unbounded. "In the words of Justice Story, the court's power to declare a mistrial must be exercised with the 'greatest caution, under urgent circumstances, and for very plain and obvious causes'; the authority to discharge the jury is limited to those situations where, 'taking all the circumstances into consideration, there is a manifest necessity for the act' (*United States v Perez*, 9 Wheat [22 US] 579, 580 [1824])" (*People v Baptiste* at 360). It is also "indispensibly necessary that it appear that prior to declaring such a mistrial, the trial Judge has properly explored the appropriate alternatives, and that there is a sufficient basis in the record for a mistrial" (*Matter of Rubenfeld v Appelman*, 230 AD2d 911, 912 [1996] [internal quotation marks omitted]). The People have the burden of demonstrating that the declaration of a mistrial was manifestly necessary (*see People v Ramchair*, 308 AD2d 601, 602 [2003]; *Matter of Rubenfeld v Appelman, supra*).

Here, in light of the evidence that the jury had reached a verdict on the murder count, and defense counsel's repeated requests for an inquiry as to a partial verdict, the trial court's declaration of a mistrial on that count without any inquiry into the alternative of taking a partial verdict was an improvident exercise of discretion and was not manifestly necessary under all of the circumstances (*see Matter of Robles v Bamberger*, 219 AD2d 243, 247-248 [1996]; *cf. Matter of Oliver v Justices of N.Y. Supreme Ct. of N.Y. County*, 36 NY2d 53, 56-59 [1974]). Thus, the retrial of the petitioner on that count is barred by principles of double jeopardy. In addition, the petitioner may not be retried on the charge of criminal possession of a weapon in the fourth degree, as that count was dismissed by the trial court (*see* CPL 310.60 [2]; *cf. People v Gravesandy*, 221 AD2d 465 [1995]; *People v Williams*, 133 AD2d 717, 718-719 [1987]). However, the record supports a finding that there was a manifest necessity to declare a mistrial on the manslaughter counts. There was no indication that the jury reached a verdict as to these charges, despite deliberations that spanned six days, and the jury repeatedly advised the court that it was unable to reach a verdict. Therefore, the petitioner may be retried on the charges of man-

slaughter in the first degree and manslaughter in the second degree (see *Matter of Dissell v Adams*, 115 AD2d 1006, 1008 [1985]). Although the petitioner may not be retried on the present indictment, as it only charged him with murder in the second degree and criminal possession of a weapon in the fourth degree (*id.*), nothing prevents the People from re-presenting any appropriate charges to another grand jury (see *People v Gonzalez*, 61 NY2d 633, 635 [1983]; *People v Beslanovics*, 57 NY2d 726, 727 [1982]; *People v Daniel*, 37 AD3d 731, 732 [2007]; *People v Lauderdale*, 295 AD2d 539, 540 [2002]). Crane, J.P., Ritter and Carni, JJ., concur.

Dillon, J. (dissenting and voting to deny the petition and dismiss the proceeding): I respectfully dissent to the extent that the majority invokes principles of double jeopardy to bar a retrial of the petitioner on the count of murder in the second degree.

The trial court instructed the jury that only if it acquitted the petitioner of murder in the second degree was it to then consider manslaughter in the first degree, and that only if it acquitted the petitioner of manslaughter in the first degree was it to then consider manslaughter in the second degree. The verdict sheet submitted to the jury contains similar instructions as to the sequence in which the three submitted counts were to be considered during deliberations.

The petitioner maintains, inter alia, that a jury note from June 21, 2006, requested definitions of the terms "bodily harm" and "reckless action," and that since such terms could only be relevant to the manslaughter counts, the jury must have necessarily decided to acquit him on the top count of murder in the second degree. However, "bodily harm" could only be relevant to the physical injury element of manslaughter in the first degree (*compare* Penal Law § 125.20 [1], *with* Penal Law § 125.25 [1] *and* § 125.15 [1]), and "reckless action" could only be relevant to the element of recklessness required for manslaughter in the second degree (*compare* Penal Law § 125.15 [1], *with* Penal Law § 125.25 [1] *and* § 125.20 [1]). The jury's note, mixing the elements of two separate manslaughter counts, is evidence that the jury was violating the court's expressed instructions in its charge and verdict sheet that the jury consider manslaughter in the second degree only if it had acquitted on manslaughter in the first degree.

On this record, the trial court did not improvidently exercise its discretion in declaring a mistrial without further inquiry of the jury. The trial court is uniquely situated to evaluate whether a mistrial is appropriate, and deference is to be accorded to its

discretionary determination (*see Matter of Enright v Siedlecki,* 59 NY2d 195, 200 [1983]; *Hall v Potoker,* 49 NY2d 501, 505 [1980]; *People v Michael,* 48 NY2d 1, 9 [1979]). In exercising its discretion, the court's duty to inquire of the jury whether a verdict has been reached on any of the counts of the indictment is triggered when there are strong indications that a decision has been reached on at least one of the counts (*see Matter of Robles v Bamberger,* 219 AD2d 243, 247 [1996]; *see also Matter of Oliver v Justices of N.Y. Supreme Ct. of N.Y. County,* 36 NY2d 53, 58-59 [1974]; *People v Hymes,* 208 AD2d 355 [1994]). We should not presume an indication that the jury acquitted the petitioner of murder by virtue of the jury's note regarding lesser counts of the indictment, when the note itself evidences the jury's disregard of the proper sequence in which counts were to be considered (*accord People v Hymes, supra* at 355). Accordingly, there was no duty on the part of the court to conduct further inquiry (*see* CPL 310.70 [1]), and the absence of an additional inquiry of the jury does not implicate principles of double jeopardy (*see* CPL 310.60 [1] [2]; *Matter of Smith v Marrus,* 33 AD3d 708, 709 [2006]).

The petitioner's remaining contention regarding consideration of a single juror's affidavit, obtained by his counsel two months after the verdict, is without merit (*see Sharrow v Dick Corp.,* 86 NY2d 54, 60-61 [1995]).