■ In the Matter of KEITH JEFFREY, Petitioner, v NEIL J. FIRETOG, as Justice of the Supreme Court of the State of New York, et al., Respondents. [846 NYS2d 318]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the retrial of the petitioner in a criminal action entitled *People v Jeffrey*, pending in the Supreme Court, Kings County, under indictment No. 1166/05, on the ground that retrial would violate the prohibition against double jeopardy.

Adjudged that the petition is denied, without costs or disbursements, and the proceeding is dismissed on the merits.

We reject the petitioner's contention that retrying him on Kings County indictment No. 1166/2005 would violate the prohibition against double jeopardy.

"Where a mistrial is granted without the consent or over the objection of a defendant, retrial is barred by double jeopardy protections unless there was 'manifest necessity' for the mistrial or 'the ends of public justice would otherwise be defeated' " (*People v Ferguson*, 67 NY2d 383, 388 [1986], quoting *United States v Perez*, 22 US 579, 580 [1824]; *see Matter of Smith v Marrus*, 33 AD3d 708, 709 [2006]; *People v Gentile*, 96 AD2d 950, 951-952 [1983]). A hopelessly deadlocked jury presents the "classic basis for a proper mistrial" (*Arizona v Washington*, 434 US 497, 509 [1978]; *see Matter of Smith v Marrus*, 33 AD3d at 708; *Matter of Martin v Hynes*, 259 AD2d 547 [1999]). "Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the Trial Judge, who is in the best position to determine whether a mistrial is required under the circumstances of the case, and this decision must be accorded great deference" (*Matter of Martin v Hynes*, 259 AD2d at 548; *see Matter of Plummer v Rothwax*, 63 NY2d 243, 251 [1984]; *People v Wincelowicz*, 258 AD2d 602 [1999]). Here, the trial was brief and the issue to be resolved relatively simple. The jury deliberated for a minimum of seven to eight hours, had twice reported its inability to reach a verdict, and the Trial Judge adequately explored the genuineness of the deadlock with the jury. Under the circumstances, the jury appeared to be genuinely deadlocked

and it would have served no purpose to provide additional instructions or to order it to continue to deliberate. Therefore, the Supreme Court properly determined that manifest necessity existed and providently exercised its discretion in declaring a mistrial. Accordingly, there is no bar to a retrial (*see Matter of Plummer v Rothwax,* 63 NY2d at 243; *Matter of Martin v Hynes,* 259 AD2d at 547; *People v Wincelowicz,* 258 AD2d at 602). Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.