THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY SANDERS, Appellant. [858 NYS2d 291]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 30, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted on charges of murder in the second degree and criminal possession of a weapon in the second degree for the shooting death of the victim. The defendant's first trial ended in a mistrial when the jury became deadlocked. At the conclusion of the second trial, the defendant was convicted of both murder in the second degree and criminal possession of a weapon in the second degree.

Contrary to the defendant's contention, his retrial did not violate the constitutional prohibition against double jeopardy. A retrial is not barred by the double jeopardy clause if it is granted after a trial judge discharges a genuinely deadlocked jury. "Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the Trial Judge, who is in the best position to determine whether a mistrial is required under the circumstances of the case, and this decision must be accorded great deference" (*Matter of Jeffrey v Firetog,* 45 AD3d 770, 770 [2007], quoting *Matter of Martin v Hynes,* 259 AD2d 547, 548 [1999]; *see Matter of Plummer v Rothwax,* 63 NY2d 243 [1984]). Here, the jury in the defendant's first trial deliberated for three days, and reported its inability to reach a verdict a total of four times.

After receiving the jury's third note indicating their inability to reach a unanimous verdict, the trial court provided an *Allen* instruction (*see Allen v United States,* 164 US 492 [1896]). Only after the jury sent its fourth note stating that the jurors were resolute in their decisions and remained deadlocked did the court declare a mistrial. Under these circumstances, the jury appeared to be genuinely deadlocked, and it would have served no purpose to require it to continue deliberations (*see* CPL 310.60 [1] [a]; *Matter of Plummer v Rothwax,* 63 NY2d 243 [1984]; *Matter of Smith v Marrus,* 33 AD3d 708, 709 [2006]; *Matter of Brown v Brown,* 263 AD2d 455 [1999]; *Matter of Martin v Hynes,* 259 AD2d 547 [1999]). Accordingly, the court providently exercised its discretion in declaring a mistrial, and no bar to the defendant's retrial existed.

We reject the defendant's contention that the court should have declared a mistrial during his second trial because a witness was identified as a "Corrections Counselor," and thereafter made a brief reference to "inmates." Although the defendant alleges that this evidence implied that he had a criminal record, any prejudice was alleviated by the court's prompt curative instructions (*see People v Young,* 48 NY2d 995 [1980]; *People v Smith,* 299 AD2d 500 [2002]; *People v Carillo,* 297 AD2d 288 [2002]; *People v Boston,* 296 AD2d 576 [2002]).

The defendant received the effective assistance of counsel at his second trial (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]). Mastro, J.P., Santucci, Eng and Belen, JJ., concur.