■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL REMBERT, Appellant. [860 NYS2d 123]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered July 7, 2005, convicting him of criminal possession of a weapon in the third degree, criminal trespass in the second degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that the trial court erred in failing to charge the jury on the defense of justification is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the trial court properly denied the defendant's request for a justification charge since no reasonable view of the evidence supported such a charge (see People v Cox, 92 NY2d 1002 [1998]).

The trial court providently exercised its discretion in denying the defendant's motion for a mistrial. Any prejudice to the defendant that might have resulted from the testimony of the prosecution's witness was alleviated by the trial court's prompt curative instructions to the jury (see People v Brescia, 41 AD3d 613 [2007]; People v Smith, 23 AD3d 415 [2005]; People v Boston, 296 AD2d 576, 577 [2002]).

The sentence imposed was not excessive (see People v Thompson, 60 NY2d 513, 519 [1983]; People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.