■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL COLEMAN, Appellant. [882 NYS2d 710]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered February 5, 2007, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]) was coercive is unpreserved for appellate review, as the defendant neither requested a specific charge nor objected to the charge given (*see People v Gonzales,* 281 AD2d 432 [2001]). In any event, the charge was balanced and neutral in tone, and it did not urge any dissenting jurors to abandon their convictions and acquiesce in the opinion of the other jurors, attempt to coerce or compel the jurors to reach a particular verdict, or shame the jurors into reaching a verdict (*see People v Aponte,* 2 NY3d 304, 308 [2004]; *People v Gonzales,* 281 AD2d at 432; CJI2d[NY] Deadlock Charge).

"Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the Trial Judge, who is in the best position to determine whether a mistrial is required under the circumstances of the case, and this decision must be accorded great deference" (*People v Sanders*, 51 AD3d 825, 825 [2008]; *see* CPL 310.60 [1] [a]). In assessing the trial court's exercise of its broad discretion, this Court "should consider: (1) the length and complexity of the trial, (2) the length of the jury's deliberations, (3) the extent and nature of communications between the trial court and the jury, and (4) the potential effects of requiring the jury to engage in further deliberations" (*People v Wincelowicz*, 258 AD2d 602, 603 [1999]). Here, the jury notified the trial court that it was deadlocked only once, and it deliberated for only approximately six additional hours after the trial court's *Allen* charge before reaching its verdict. Accordingly, the trial court did not improvidently exercise its discretion in denying the defendant's application for a mistrial (*see* CPL 310.60 [1] [a]; *People v Sanders*, 51 AD3d at 825; *People v Wincelowicz*, 258 AD2d at 603).

The defendant's contention that the trial court erred in permitting the prosecutor to elicit testimony regarding the defendant's possession of a previously-fired handgun near an elementary school is unpreserved for appellate review, as the defendant failed to object to the alleged error at trial (*see* CPL 470.05 [2]; *People v Pinto*, 56 AD3d 494, 495 [2008]).

Moreover, the defendant's challenges to remarks made by the prosecution during summation are unpreserved for appellate review since the defendant raised only general objections to the remarks, did not request curative instructions when his objections were sustained, and failed to make a timely motion for a mistrial on this ground (*see* CPL 470.05 [2]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The defendant's remaining contentions are without merit. Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.