■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMAR FRANCIS, Appellant. [903 NYS2d 135]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 12, 2007, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Reid*, 43 AD3d 1087 [2007]; *People v Bailey*, 19 AD3d 431 [2005]; *People v Francis*, 126 AD2d 740 [1987]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court responded meaningfully to the jury's request for a readback of a portion of an expert's testimony (*see* CPL 310.30; *cf. People v O'Rama*, 78 NY2d 270, 278 [1991]).

"Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the Trial Judge, who is in the best position to determine whether a mistrial is required under the circumstances of the case, and this decision must be accorded great deference" (*People v Sanders*, 51 AD3d 825, 825 [2008] [internal quotation marks omitted]; *see* CPL 310.60 [1] [a]). In assessing the trial court's exercise of its broad discretion, this Court "should consider: (1) the length and complexity of the trial, (2) the length of the jury's deliberations, (3) the extent and nature of communications between the trial court and the jury, and (4) the potential effects of requiring the jury to engage in further deliberations" (*People v Wincelowicz*, 258 AD2d 602, 603 [1999]). Under the circumstances, where the jury sent only two notes to the trial court without indicating that it was hopelessly deadlocked, the trial court did not improvidently exercise its discretion in denying the defendant's mistrial applications (*see* CPL 310.60 [1] [a]; *People v Baptiste*, 72 NY2d 356, 360 [1988]; *People v Coleman*, 64 AD3d 787, 788 [2009]; *People v Sanders*, 51 AD3d at 825).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.