■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON MENDEZ, Also Known as RICHARD THOMAS, Appellant. [925 NYS2d 870]—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Eng, J.), rendered July 19, 2001, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court (Buchter, J.), imposed December 19, 2008, which imposed a period of postrelease supervision of 1¹/₂ years in addition to the determinate terms of imprisonment previously imposed.

Ordered that the appeal from the resentence is dismissed as academic; and it is further,

Ordered that the judgment is affirmed.

The defendant's appeal from the resentence must be dismissed as academic, as the challenged period of postrelease supervision has expired (*see People v Elmendorf*, 83 AD3d 959 [2011]; *People v Garner*, 83 AD3d 862 [2011]; *People v Rodriguez*, 269 AD2d 613 [2000]; *People v Hernandez*, 166 AD2d 609 [1990]).

The defendant's contention that the Supreme Court erred in denying his request to give a justification charge on the count of assault in the second degree is without merit. Because no reasonable view of the evidence supported a justification charge on that count, the Supreme Court properly denied the defendant's request for such a charge (*see People v Rembert*, 52 AD3d 537 [2008]; *People v Brown*, 33 AD3d 1016 [2006]).

The defendant's contention that a justification charge should have been given for the count of resisting arrest is unpreserved for appellate review, as he failed to request such a charge for that count (*see People v Smitherman*, 297 AD2d 352 [2002]). In any event, this contention is without merit.

The contention raised in the defendant's pro se supplemental brief that he was deprived of the effective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.