People v Wilson (2018 NY Slip Op 04982)





People v Wilson


2018 NY Slip Op 04982


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

108688

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
IVOR WILSON, Also Known as G, Appellant.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Pritzker, JJ.


Lisa A. Burgess, Indian Lake, for appellant, and appellant pro se.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered June 22, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
After a controlled-buy operation in Clinton County, defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree. At an appearance in October 2015, the attorney assigned to represent defendant was dismissed upon defendant's insistence that he wanted new counsel due to an alleged conflict of interest. When defendant was unable to retain counsel in the time allotted to him, he proceeded pro se during pretrial hearings and at trial [FN1]. A mistrial was eventually declared due to jury deadlock and a retrial was scheduled for May 2016. Prior to the date of the retrial, defendant retained counsel, entered an Alford plea to one count of criminal possession of a controlled substance in the third degree in satisfaction of the indictment, and executed a waiver of appeal. In accordance with the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of 4½ years with three years of postrelease supervision. Defendant now appeals, arguing, among other [*2]things, that the People were precluded from reprosecuting him on the basis of double jeopardy after his trial ended in a mistrial.
The People concede that defendant's waiver of the right to appeal was invalid inasmuch as County Court did not adequately explain the separate and distinct nature of the right to appeal from those rights that are automatically forfeited by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Warren, 160 AD3d 1286, 1287 [2018]; People v Lemon, 137 AD3d 1422, 1423 [2016], lv denied 27 NY3d 1135 [2016]). Furthermore, while defendant signed a written waiver explaining the "separate and distinct" nature of the right to appeal, the record does not reflect an inquiry as to whether he had read and understood it (People v Cotto, 156 AD3d 1063, 1063 [2017]; see People v Lemon, 137 AD3d at 1423). Accordingly, defendant is not precluded from raising his constitutional double jeopardy claim on appeal (see People v Hansen, 95 NY2d 227, 230 [2000]; People v Fay, 154 AD3d 1178, 1180 [2017], lv denied 30 NY3d 1115 [2018]; People v Galunas, 93 AD3d 892, 893 [2012], lv denied 19 NY3d 960 [2012]).
Declaring a mistrial is generally appropriate where a jury is deadlocked and unable to reach a verdict (see Matter of Jeffrey v Firetog, 45 AD3d 770, 770-771 [2007]; Matter of Smith v Marrus, 33 AD3d 708, 709 [2006]; see generally Matter of Rivera v Firetog, 11 NY3d 501, 506 [2008], cert denied 556 US 1193 [2009]). Before granting a mistrial upon such a declaration, it is incumbent upon the trial court to consult with the parties about how to proceed and to determine whether the defendant consents to a mistrial, as "double jeopardy typically erects no barrier to a retrial" where consent is freely given (Matter of Davis v Brown, 87 NY2d 626, 630 [1996]; see Matter of Phillips v Carnright, 66 AD3d 1319, 1320 [2009]). However, declaration of a mistrial absent a defendant's consent "bars a re[prosecution] on the grounds of double jeopardy unless 'there was manifest necessity for the mistrial'" (People v Banks, 152 AD3d 816, 817 [2017], quoting People v Catten, 69 NY2d 547, 554 [1987]; see Matter of Robar v LaBuda, 84 AD3d 129, 133-134 [2011]). The decision to grant a mistrial due to jury deadlock is a matter of discretion for the trial court and its decision is entitled to "great deference" on appeal (People v Hardy, 26 NY3d 245, 252 [2015]; see Matter of Rivera v Firetog, 11 NY3d at 507). Such discretion is not limitless, however, and the trial court "has the duty to consider alternatives to a mistrial and to obtain enough information so that it is clear that a mistrial is actually necessary" (People v Ferguson, 67 NY2d 383, 388 [1986]). Factors that are relevant to assessing the necessity of discharging an apparently deadlocked jury include "the length and complexity of the trial, the length of the deliberations, the extent and nature of the communications between the court and the jury, and the potential effects of requiring further deliberation" (Matter of Plummer v Rothwax, 63 NY2d 243, 251 [1984]). Where "[t]he impetus for the declaration of mistrial [originates] solely from the [court, it is] under a particular obligation to demonstrate on the record that the jury believed it was unable to decide the case" (People v Baptiste, 72 NY2d 356, 361 [1988]).
Here, the jury had deliberated for a little over two hours — excluding a lunch recess — when County Court received a note from the jury stating that "there appears not to be any way to a unanimous decision" and asking for guidance on how to proceed. Without consulting the parties for input on the appropriate response, County Court summoned the jury into the courtroom, noted that it had not been deliberating for very long, provided an Allen charge and asked the jury to resume deliberations and advise the court if it was unable to arrive at a verdict after a reasonable period of time. Fifty-one minutes after the jury had resumed deliberations, County Court recalled the jury back into the courtroom, on its own accord, and inquired whether the jury was still deadlocked. The foreperson confirmed that it was and, without seeking input [*3]from the People or defendant, County Court declared a mistrial.
County Court erred in its recall of the jury by: (1) doing so without first apprising the People and defendant of its intent to do so and seeking their comment; (2) doing so only 51 minutes after it had instructed the jury to resume deliberations; (3) not exploring the possibility of a dinner break or an overnight recess upon learning of the continuing deadlock; and (4) not seeking input from the parties before declaring a mistrial upon learning of the continuing deadlock. Because a mistrial was not manifestly necessary under the collective circumstances, County Court abused its discretion in declaring a mistrial, jeopardy attached and the People were precluded from reprosecuting defendant on the indictment (see People v Baptiste, 72 NY2d at 361-362; compare Matter of Owen v Stroebel, 65 NY2d 658, 661 [1985], cert denied 474 US 994 [1985]; Matter of Plummer v Rothwax, 63 NY2d at 251-252).
In light of our determination, defendant's remaining contentions are academic.
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, plea vacated and indictment dismissed.



Footnotes

Footnote 1:Defendant was appointed standby counsel for trial.