THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP A. MALLETTE, Appellant.

Third Department, October 27, 1977

*Robert L. Miller* for appellant.

*D. Bruce Crew, III, District Attorney,* for respondent.

HERLIHY, J. In this case we are involved with a unique set of circumstances and whether such constitute double jeopardy which would bar the conviction herein appealed.

The defendant was indicted upon charges that in May and June of 1974 he participated in the sale of cocaine (a controlled substance) to one Padula. The matter came on for trial in November of 1975 and following three days of jury selection and recess for the Thanksgiving holiday, opening statements were made to the jury. The defense counsel referred to a tape recording of a conversation between Padula (the purchaser of the cocaine) and a secretary to the District Attorney. The District Attorney made no objection to the reference to the conversation and/or the tape recording. Following the opening statements, a short recess was taken and then the District Attorney proceeded to have Padula called as the People's first witness. Following direct examination of Padula for about one hour, the court granted a request by the District Attorney to adjourn trial at about 1:00 P.M. until the next day.

When trial resumed, the District Attorney immediately presented affidavits to the court of Padula and the secretary wherein they asserted that they had not consented to any

electronic eavesdropping or recording of their conversation. The District Attorney urged that he had established that the tape was the result of criminal eavesdropping and, accordingly, the reference of the defense counsel to the tape and/or conversation was gross misconduct or evidence of gross misconduct resulting in irreparable prejudice to the People's case. Based upon such misconduct and prejudice the District Attorney moved for a mistrial pursuant to CPL 280.10 (subd 2).

The County Court Judge found that the tape conversation was inadmissible in evidence and that because defense counsel had alluded to the substance of the tape before the jury, he had been guilty of "gross misconduct" requiring a mistrial. Defense counsel was not accused of wrongdoing insofar "as getting the tapes". The defendant subsequently moved to dismiss the indictments because of double jeopardy and the motion was denied upon the ground that the mistrial met the requirements permitting a new trial. There is no issue but that at the time the jury was drawn and sworn, the defendant was admittedly in jeopardy.

CPL 280.10 (subd 1) provides for a mistrial upon motion *by a defendant* and as to conduct, it provides, in pertinent part, for a mistrial "when there occurs during the trial * * * *conduct* inside or outside the courtroom, which is *prejudicial* to the defendant and deprives him of a fair trial" (emphasis supplied). In contrast to the simple reference to "conduct" and prejudice found in said subdivision 1, subdivision 2 of CPL 280.10, as applicable, provides: "Upon motion of the people, when there occurs during the trial, either inside or outside the courtroom, *gross misconduct* by the defendant or some person acting on his behalf, or by a juror, resulting in substantial and irreparable prejudice to the people's case." (Emphasis supplied.) It is readily apparent that both the conduct and the prejudice which would justify a mistrial on behalf of the People must be more exaggerated than as to a defendant's case. This case, however, does not directly raise any question as to the propriety of granting the mistrial, but rather the question is whether or not the defendant may constitutionally be tried again since the motion was granted over the strenuous objection of the defendant.

In *Matter of Ferlito v Judges of County Ct., Suffolk County* (31 NY2d 416, 419-420), Judge GIBSON, on behalf of the court, wrote: "A mistrial * * * declared as in the public interest, and against the defendant's will, must have some basis of

demonstrable substance—for, as the rule has it, the necessity must be 'manifest'." It is well established that in order to avoid the preclusion of double jeopardy where the People request a mistrial after having commenced testimony, the reason for the mistrial must be "a necessitous one, actual and substantial" *(Matter of Nolan v Court of Gen. Sessions of County of N. Y.,* 11 NY2d 114, 118). Federal cases require a "manifest necessity" for the mistrial, "or the ends of public justice would otherwise be defeated" *(United States v Perez,* 9 Wheat [22 US] 579, 580; see, also, *United States v Sanford,* 429 US 14; *Illinois v Somerville,* 410 US 458; *United States v Jorn,* 400 US 470).

A mistrial based upon misconduct chargeable to a defendant and which substantially causes prejudice to the People at trial and not readily cured by proper instruction to the jury does not bar a subsequent prosecution upon double jeopardy grounds *(People v Strick,* 15 NY2d 692; *State of Arizona v Washington,* 546 F2d 829, 832). However "only in certain exceptional circumstances does a Trial Judge have discretionary power to discharge a jury and put the defendant to a new trial." *(Matter of Nolan v Court of Gen. Sessions of County of N. Y., supra,* p 118.)

The question posed in the present case is whether or not there were "exceptional circumstances" or "manifest necessity" constituting "gross misconduct" and which would defeat the "ends of public justice" if a mistrial had not been granted (see *Matter of Girard v Rossi,* 40 AD2d 13, 14; cf. *People v Strick, supra,* p 694). The record establishes that at no time were there any facts before the Trial Judge which would have tended to establish that the defendant, his counsel, or anyone on their behalf had engaged in eavesdropping. Indeed, the record as of the time the defendant moved to bar further prosecution and dismiss the indictments prima facie established that the recording occurred under completely innocent circumstances. In any event, the record shows that as to the recording of the voices, the defendant and his counsel were not involved. The tape was delivered anonymously to the defendant's counsel and after he had listened to it, the reference before the jury was made by him. Assuming that the crime of eavesdropping had been committed by someone (Penal Law, § 250.05) and further that the evidence (conversation) was inadmissible because of such illegality pursuant to the provisions of CPLR 4506, nevertheless it does not appear that

the reference to such evidence in the opening statement was "gross misconduct" or created any "irreparable prejudice".

It appears uncontradicted that prior to the opening by defense counsel, he had discussed the tapes and the contents thereof *in camera* with the court and had been advised no ruling would be made until an objection was raised. The CPLR does not prohibit the mention of such evidence in front of a jury and no objection or claim of surprise was made at the time the evidence was referred to. The defendant was completely free to use the evidence for the purpose of cross-examination even if it could not be introduced in evidence. The prejudice as it appears from the opening statement of defense counsel was of such a nature as to be corrected by appropriate instructions from the court, as was pointed out in the oral discussions upon the motion for a mistrial, but the trial court rejected that approach. The trial court should not have granted the motion for a mistrial since there was no "manifest necessity" for such action in order to proceed with a fair trial. There was no gross misconduct or irreparable injury within any reasonable construction of CPL 280.10 (subd 2). The defendant's motion to dismiss the indictment should have been granted as a matter of law.

The judgment should be reversed, on the law, and indictments dismissed.

KANE, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, and indictments dismissed.