■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSEPH R. PAWLOWSKI, Appellant.—Judgment unanimously affirmed. Memorandum: We have reviewed all of defendant's contentions on appeal and we find them to be without merit. We conclude that the court made a searching inquiry before permitting defendant to act as his own attorney and it properly determined that defendant knowingly and intelligently waived his right to counsel (see, People v Vivenzio, 62 NY2d 775). The court's instructions to the jury concerning intent, felony murder, and alibi were correct and the court did not unfairly marshal the evidence. The court properly refused to charge the lesser included offense of manslaughter in the second degree because there was no view of the evidence from which the jury could have concluded that the shooting was reckless rather than intentional. The discarding of the handwritten notes by the police officer when he prepared his typed report did not deprive defendant of a fair trial (see, People v Sirianni, 97 AD2d 938), nor did any of the claimed improper tactics of the District Attorney. The statement of defendant requesting a prison inmate to kill an essential witness was properly admitted as evidence of consciousness of guilt (see, Richardson, Evidence § 167, at 134 [Prince 10th ed]; People v Shilitano, 218 NY 161). Also, in ruling on the Sandoval motion, the court properly refused to suppress cross-examination concerning defendant's prior conviction for armed robbery since defendant's specialization in one type of illegal activity should not shield him from impeachment by a prior conviction (see, People v Pavao, 59 NY2d 282).

Moreover, many of the issues raised by defendant on this appeal were not preserved for review as a matter of law and, because of the ample and persuasive evidence of guilt, we decline to exercise our jurisdiction to reverse in the interest of justice.

Finally, defendant's contention that the court, on the first trial, should have granted defendant's motion for a trial order of dismissal (see, People v Tingue, 91 AD2d 166), is without merit. Accepting defendant's statement that the testimony at the first trial was the same as at the second trial, except for the added testimony at the second trial of defendant's confession to his cellmate, we find more than sufficient testimony at the first trial to prove defendant's guilt beyond a reasonable doubt. (Appeal from judgment of Genesee County Court, Morton, J.—murder, second degree.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.

LAKE ONTARIO PRODUCTION CREDIT ASSOCIATION OF