[612 NYS2d 272]

ELI I. TAUB, Appellant, v COMMITTEE ON PROFESSIONAL STANDARDS FOR THE THIRD JUDICIAL DEPARTMENT, et al., Respondents.

Third Department, May 26, 1994

## APPEARANCES OF COUNSEL

*Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P. C.,* New York City *(Hillary Richard* and *Eric M. Lieberman* of counsel), for appellant.

*G. Oliver Koppell, Attorney-General,* Albany *(Denise A. Hartman* and *Peter G. Crary* of counsel), for respondents.

### OPINION OF THE COURT

YESAWICH JR., J.

Plaintiff, an attorney, brought this action seeking, *inter alia,* a declaration that defendant Committee on Professional Standards for the Third Judicial Department (hereinafter the Committee), a committee appointed by the Justices of the Appellate Division, Third Department, for the purpose of investigating possible instances of attorney misconduct, has exceeded its authority and violated his constitutional rights by issuing two "letter[s] of education" (22 NYCRR 806.4 [c] [1] [iv]) in which the Committee directed plaintiff to discontinue advertisements believed by the Committee to violate provisions of the Code of Professional Responsibility. In the most recent advertisement that plaintiff placed in the NYNEX Yellow Pages, he refers to his law firm as "A Law Firm of Eli I. Taub, P. C." The Committee maintains that this designation, which was assertedly chosen by plaintiff to obtain "first line" listing in the alphabetically organized telephone directory, constitutes an improper trade name or a name that is misleading, in violation of Code of Professional Responsibility DR 2-102 (B) (22 NYCRR 1200.7 [b]). The second letter of education, indicating that continued use of the purportedly objectionable advertisements could result in disciplinary action being taken against plaintiff, prompted this suit by plaintiff.

Following joinder of issue, plaintiff moved alternatively for a temporary order restraining the Committee from proceeding further against plaintiff or for summary judgment, and defendants cross-moved to dismiss for lack of subject matter jurisdiction. Supreme Court granted defendants' cross motion and this appeal by plaintiff followed.

█ Initially, we are not persuaded that Supreme Court was

completely lacking in jurisdiction over the subject matter of plaintiff's complaint. Plaintiff claims entitlement to a declaration that, given the established case law defining the ambit of permissible limitation that can be placed on attorney advertising *(see, e.g., Matter of von Wiegen,* 63 NY2d 163), the Committee erred in finding his advertisements to be improper. Whether plaintiff is entitled to such relief, by its very nature, turns on whether his advertising activity constitutes professional misconduct. Inasmuch as attorney misconduct and discipline therefor are matters within the exclusive jurisdiction of the Appellate Division *(see,* Judiciary Law § 90 [2]; *Erie County Water Auth. v Western N. Y. Water Co.,* 304 NY 342, 346, *cert denied* 344 US 892), Supreme Court properly concluded that it lacked jurisdiction to address this aspect of plaintiff's complaint.

Supreme Court does, however, have jurisdiction to entertain the complaint to the extent that it charges that the Committee exceeded its authorized powers by threatening to interdict plaintiff's constitutional right of commercial expression, without affording him a mechanism by which the propriety of the Committee's action can be reviewed. This essentially represents a claim sounding in prohibition *(see, Matter of Nicholson v State Commn. on Judicial Conduct,* 50 NY2d 597, 606-607), which, inasmuch as it does not require a determination of whether plaintiff has actually engaged in misconduct, may properly be brought in Supreme Court pursuant to CPLR article 78. Rather than remit the matter to Supreme Court, however, judicial economy dictates that we exercise our discretion to convert this portion of the action to a CPLR article 78 proceeding *(see,* CPLR 103 [c]) and confront plaintiff's contention.

■ Before reaching the merits, it is necessary to consider defendants' assertion that this proceeding must be dismissed as time barred, having been brought more than four months after plaintiff received the second letter of education *(see,* CPLR 217). Although the four-month Statute of Limitations has been applied to proceedings in the nature of prohibition, at least where a single, clearly circumscribed exercise of power is being questioned *(see, e.g., Matter of Holtzman v Marrus,* 74 NY2d 865, 866), plaintiff herein seeks not only to have the letters declared void, but also to enjoin any further disciplinary action by the Committee. It is not insignificant, in this regard, that despite having stated in each of the letters of education that "this matter is now closed", defendants admit

that they have every intention of continuing to act in accordance with their belief that plaintiff's advertising is improper. The harm in this case being clearly ongoing, the instant proceeding is not time barred *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C217:1, at 675; Siegel, NY Prac § 566, at 889 [2d ed]).

■ Ordinarily, the mere issuance by the Committee of a confidential letter of education cannot reasonably be viewed as depriving the recipient of any significant liberty or property interest. When the constitutional right to freedom of expression is implicated, however, there must be available a method for reviewing letters which restrain this freedom. Because the announced possibility that formal disciplinary proceedings may be initiated against an attorney whose expressive conduct is being evaluated by the Committee will very likely result in the cessation of that conduct, the risk that protected expression may be "chilled" requires that the affected party be afforded an opportunity for prompt judicial review *(see, Freedman v Maryland,* 380 US 51, 58-59; *Levin v Harleston,* 966 F2d 85, 89-90; *Thomas v Board of Educ.,* 607 F2d 1043, 1048, n 8, *cert denied* 444 US 1081). The rules governing the Committee's activities do not provide any mechanism by which a recipient may obtain judicial review of letters of education or letters of caution *(see,* 22 NYCRR 806.4 [c] [3]). As a consequence, where fundamental constitutional rights are involved, the Committee's use of these informal sanctions to make pronouncements about the propriety of attorney conduct is inappropriate. Like the actions of the regulatory body which were found to be improper in *Bantam Books v Sullivan* (372 US 58, 71), the issuance of such letters constitutes a "system of informal censorship," based on "deficient" procedures, which cannot be permitted. The letters of education issued to plaintiff must therefore be annulled.

Lastly, inasmuch as plaintiff does not advance the issue of counsel fees in his brief, it will be deemed abandoned *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

MIKOLL, J. P., MERCURE and PETERS, JJ., concur.

Ordered that the order is modified, on the law, with costs to plaintiff, by converting that portion of the action in which

plaintiff seeks a declaration that defendants' issuance of letters of education violated his constitutional rights to a CPLR article 78 proceeding, and the letters of education issued to plaintiff are hereby annulled and expunged from his record; and, as so modified, affirmed.