■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAUN P. CLARK, Appellant. [726 NYS2d 320] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the

People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences from which the jury could find that defendant, acting in concert with a codefendant, was involved in the street-level sale of drugs, that defendant supplied a small quantity of cocaine to the codefendant for sale by the codefendant to the undercover police officer, and that the police located the remainder of defendant's supply when they arrested defendant. Questions of credibility were for the jury to resolve, and its acceptance of the testimony of the undercover police officer and rejection of defendant's testimony was within its province (*see, People v Raife,* 250 AD2d 864, *lv denied* 92 NY2d 951). Furthermore, it does not appear that the jury failed to give the evidence the weight it should be accorded, and thus we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495). The verdict acquitting defendant of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) "does not necessarily undermine the sufficiency or weight of the evidence supporting [the] conviction on [the] possession with intent to sell count" (*People v Laboy,* 254 AD2d 80, 80-81, *lv denied* 94 NY2d 825). The contention of defendant that he was denied a fair trial by prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County Court, Fahey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Burns, JJ.