■ In the Matter of STEVE JOHNSON, Petitioner, v GREGORY CARRO et al., Respondents. [806 NYS2d 15]—

Application pursuant to CPLR article 78 in the nature of prohibition seeking, on the ground of double jeopardy, to prevent retrial of petitioner under New York County Indictment 4042/02, unanimously denied, so much of the cross motion by respondent Justice to dismiss for failure to state a cause of action granted, and the proceeding dismissed, without costs. The cross

motion by respondent District Attorney and so much of the cross motion by respondent Justice to dismiss on grounds of untimeliness denied, without costs.

Although this proceeding was commenced more than four months after the declaration of a mistrial, it is not time-barred, since the harm claimed, namely respondent Justice's assertion of authority to retry petitioner, is a continuing one (*see Taub v Committee on Professional Stds. for Third Jud. Dept.*, 200 AD2d 74, 77-78 [1994]; *see also* Siegel, NY Prac § 566, at 975-976 [4th ed]).

Respondent Justice properly exercised his discretion when he declared a mistrial, after 11 days of deliberation, and after two jury notes indicating that the jury could not reach a unanimous verdict (*see People v Baptiste*, 72 NY2d 356, 360-361 [1988]; *Matter of Owen v Stroebel*, 65 NY2d 658 [1985], *cert denied* 474 US 994 [1985]; *Matter of Plummer v Rothwax*, 63 NY2d 243 [1984]). The central issue in the case was whether petitioner had established his insanity defense, an issue that could easily cause a deadlock (*see Owen*, 65 NY2d at 661; *Plummer*, 63 NY2d at 251). There is no reason to believe that the *Allen* charge that followed the first deadlock note brought the jury any closer to reaching a verdict. The jury's second note indicated that it was unlikely to reach a verdict within a reasonable time and, under the circumstances of this case, asking it to continue deliberations could have had a coercive effect. We have considered and rejected petitioner's remaining arguments. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.