THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY HERNANDEZ, Appellant. [849 NYS2d 137]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 18, 2005. The judgment convicted defendant, upon a jury verdict, of arson in the first degree, reckless endangerment in the first degree, and criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon a jury verdict of arson in the first degree (Penal Law § 150.20 [1]), reckless endangerment in the first degree (§ 120.25), and criminal mischief in the second degree (§ 145.10). Defendant's first two trials ended in mistrials because of hung juries and, during his opening statement at defendant's third trial, defense counsel stated that he was confident that the jury would not convict defendant "much like the previous two juries." County Court thereupon granted the People's motion for a third mistrial. Defendant contends that his fourth trial was barred by double jeopardy because there was not the requisite " 'manifest necessity' " for the third mistrial (*People v Michael*, 48 NY2d 1, 9 [1979], quoting *United States v Perez*, 22 US 579, 580 [1824]). We reject that contention (*see* CPL 280.10 [2]). Here, defense counsel's comments to the jury amounted to "gross misconduct . . . resulting in substantial and irreparable prejudice to the [P]eople's case" (*id.*), and thus defendant's retrial was not barred by double jeopardy (*see generally People v Mallette*, 59 AD2d 199, 202 [1977]). We further conclude that the court did not abuse its discretion by allowing the People to question a police officer on redirect examination with respect to defendant's suppressed statement because defendant, while cross-examining the officer, "opened the door" to the introduction of that statement (*see generally People v Melendez*, 55 NY2d 445, 451-452 [1982]).

We reject defendant's contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Inasmuch as the evidence presented at defendant's first two trials was essentially the same as that presented at the fourth trial, we likewise reject defendant's contention that the evidence presented at the first two trials is legally insufficient to support the conviction and thus that the fourth retrial was barred by double jeopardy (*cf. People v Tingue*, 91 AD2d 166, 168 [1983]; *see generally People v Pawlowski*, 116 AD2d 985, 986 [1986], *lv denied* 67 NY2d 948 [1986]). Defendant's further contention that the verdict is against the weight of the evidence also lacks merit (*see generally Bleakley*, 69 NY2d at 495). We perceive no reason to disturb the determination of the jury to credit the testimony of the People's witnesses (*see generally id.*; *People v Clark*, 284 AD2d 956 [2001], *lv denied* 97 NY2d 640 [2001]). We also reject the contention of defendant that the court erred in admitting in evidence a photograph of an individual covered in soot who was present in the house at the time that defendant committed the arson. The photograph was relevant to establish the requisite element of reckless endangerment by establishing that the individual depicted in the photograph was present in the house

when defendant started the fire (*see* Penal Law § 120.25; *see generally People v Pobliner*, 32 NY2d 356, 369-370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]).

The sentence is not unduly harsh or severe. Defendant's remaining contentions are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.