Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from retrying the petitioner in a criminal action entitled People v Smith, pending in the Supreme Court, Queens County, under indictment No. 1075/09, on the ground that retrial would violate his constitutional right not to be placed twice in jeopardy for the same offense.
Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondents are prohibited from retrying the petitioner in the criminal action entitled People v Smith, pending under Queens County indictment No. 1075/09.
The petitioner, Eric Smith, was charged under Queens County indictment No. 1075/09 with two counts of criminal possession of a weapon in the second degree and two counts of violating the Vehicle and Traffic Law following an incident in which the *966 police, during a traffic stop, allegedly recovered a loaded firearm from his waistband. On July 22, 2010, at the start of the second day of jury deliberations, after the alternate jurors had been dismissed, two jurors requested permission to speak to the court. The jurors reported that another juror, juror number 11, told the panel that morning that he had spoken to an “attorney friend” about a “hypothetical gun case” and that the attorney told him that the only thing that they, as a jury, should focus on was whether they believed that a gun was present in the car. When asked, one of the two jurors who reported this incident indicated that juror number ll’s comments did not cause her any unpleasantness or difficulties as a juror. The other juror who reported the incident indicated that she was “angry” and “uncomfortable” with juror number 11, but stated that she thought she could continue to deliberate and that she had “pretty much” made her decision the night before.
Both sides agreed that juror number 11 had committed juror misconduct and should be discharged. After discharging him, the court asked the parties for their positions on whether the trial could be continued with the remaining 11 jurors. The People indicated that they would not consent to going forward. Defense counsel urged the court to allow the trial to proceed, arguing that the taint had been removed and that his client had a right to proceed with 11 jurors. Over this objection, the court declared a mistrial, finding that the absolute integrity of the jury process had been compromised. Defense counsel objected again, urging the court to conduct an inquiry of the entire panel. The court denied this request. The petitioner commenced the instant proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition to prohibit the respondents from retrying him.
Initially, we reject the respondents’ assertion that this proceeding must be dismissed as time-barred, having been brought more than four months after the declaration of mistrial. Although the four-month statute of limitations has been applied to proceedings in the nature of prohibition where a single circumscribed exercise of power is being questioned (see e.g. Matter of Holtzman v Marrus, 74 NY2d 865, 866 [1989]), the petitioner herein is seeking a writ prohibiting his continued prosecution on the underlying indictment. As the respondents admit that they have every intention of continuing to act on that underlying indictment, the harm in this case is ongoing and continuous and the instant proceeding is not time-barred (see Taub v Committee on Professional Stds. for Third Jud. Dept. 200 AD2d 74, 77-78 [1994]; Siegel, NY Prac § 566 at 1006 *967 [5th ed 2011]; see also Matter of Forte v Supreme Ct. of State of N.Y., 48 NY2d 179, 183 [1979]).
The double jeopardy clauses of the New York State and United States Constitutions protect an accused from multiple prosecutions for the same offense (see US Const 5th Amend; NY Const, art I, § 6; People v Baptiste, 72 NY2d 356 [1988]; Matter of Morris v Livote, 105 AD3d 43 [2013]; Matter of Smith v Marrus, 33 AD3d 708, 709 [2006]). In a jury trial, once the jury is empaneled and sworn, jeopardy attaches (see CPL 40.30 [1] [b]; People v Ferguson, 67 NY2d 383 [1986]), and the defendant has a “valued right to have his trial completed by a particular tribunal” (Matter of Smith v Marrus, 33 AD3d at 709 [internal quotation marks omitted]; see Illinois v Somerville, 410 US 458, 463 [1973]). When a mistrial is declared without the consent of or over the objection of a defendant, a retrial is precluded unless “ ‘there was manifest necessity for the mistrial or the ends of public justice would be defeated’ ” (Matter of Smith v Marrus, 33 AD3d at 709, quoting People v Ferguson, 67 NY2d at 388 [internal quotation marks omitted]; see United States v Perez, 22 US 579, 580 [1824]; People v Michael, 48 NY2d 1, 9 [1979]; Matter of Morris v Livote, 105 AD3d 43 [2013]).
Although a trial court’s decision to declare a mistrial is accorded deference, the court’s discretion is not unlimited (see Matter of Enright v Siedlecki, 59 NY2d 195, 200 [1983]). The People bear a “heavy burden” to demonstrate that the mistrial was manifestly necessary (see Arizona v Washington, 434 US 497, 505 [1978]; Matter of Capellan v Stone, 49 AD3d 121, 126 [2008]). Indeed, even if the reasons for granting a mistrial are deemed actual and substantial, the trial court must explore appropriate alternatives and provide a sufficient basis in the record for resorting to this “drastic measure” (Matter of Capellan v Stone, 49 AD3d at 126; see Hall v Potoker, 49 NY2d 501, 505 [1980]; Matter of Morris v Livote, 105 AD3d 43 [2013]; Matter of Cohen v Lotto, 19 AD3d 485, 486-487 [2005]).
Here, the People have not met their burden of demonstrating that the declaration of a mistrial was manifestly necessary. While it is undisputed that juror number 11 was grossly unqualified to continue serving, the court abused its discretion in declaring a mistrial without considering other alternatives. The defendant specifically indicated his desire to waive trial by a jury of 12 persons and proceed with the remaining 11 jurors, an option that has been endorsed by the Court of Appeals (see People v Gajadhar, 9 NY3d 438 [2007]). Under the circum *968 stances presented, as urged by defense counsel, it would have been appropriate to poll the remainder of the jurors to ascertain whether they could render an impartial verdict (see Matter of Morris v Livote, 105 AD3d 43 [2013]; Matter of Rubenfeld v Appelman, 230 AD2d 911, 912 [1996]; see generally Matter of Robles v Bamberger, 219 AD2d 243, 246 [1996]). Moreover, as the improper information imparted to the jurors did not significantly prejudice the People, the court should have considered whether a specific curative instruction could have clarified what constituted “evidence” and whether such an instruction could have cured the impropriety (see Matter of Morris v Livote, 105 AD3d 43 [2013]; Matter of Rubenfeld v Appelman, 230 AD2d at 912). Accordingly, there is an insufficient basis in the record for the declaration of a mistrial, and thus retrial is precluded.
Skelos, J.P, Angiolillo, Roman and Cohen, JJ., concur.