================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 168
In the Matter of Eric Smith,
            Respondent,
        v.
Richard A. Brown,
            Appellant,
Kenneth Holder, &c, et al.,
            Respondents.

            Jill Gross Marks, for appellant.
            Patrick Michael Megaro, for respondent.

MEMORANDUM:

        The order of the Appellate Division should be reversed,

without costs, and the petition dismissed.

        Petitioner Eric Smith was charged with weapon

possession after the police stopped him for a traffic infraction

and discovered that he was carrying a loaded handgun.  During

- 1 -

jury deliberations, two jurors sent a note to the court reporting that juror 11 had recounted to the entire jury "a conversation he had with a lawyer friend regarding hypothetical cases involving a gun." After the three jurors were questioned, the court dismissed juror 11 with the consent of defense counsel and the prosecutor.

Following a short recess, the prosecutor requested that a mistrial be declared because only eleven jurors remained. Defense counsel opposed a mistrial and asserted that deliberations could continue with eleven jurors, relying on People v Gajadhar (9 NY3d 438 [2007]). The court declined to proceed with fewer than twelve jurors and granted a mistrial, finding that "the very heart and integrity of the jury process has been compromised by the juror misconduct in this case."

The People sought to prosecute Smith again and the case was adjourned repeatedly for more than two years. When the trial date finally arrived, the case was again postponed because Smith had commenced this CPLR article 78 prohibition proceeding in the Appellate Division. He claimed that the Double Jeopardy Clause barred a retrial because deliberations could have continued with eleven jurors under Gajadhar and there was no "manifest necessity" demanding a mistrial. The People responded that the article 78 petition was untimely because it was filed more than four months after the mistrial had been declared.

The Appellate Division held that the proceeding had

been timely commenced under a "continuing harm" theory and granted the writ of prohibition (see 105 AD3d 965 [2d Dept 2013]).  The court concluded that the declaration of a mistrial was an abuse of discretion because the trial court did not consider alternative remedies, such as continuing the proceedings with an eleven-member jury; asking the jurors about their ability to remain impartial; or issuing a curative instruction to cure the taint.

We now reverse.  A four-month limitations period applies to CPLR article 78 prohibition proceedings (see CPLR 217 [1]; see e.g. Matter of Holtzman v Marrus, 74 NY2d 865, 866 [1989]) and the petition here was filed more than two years after the mistrial was declared.  Although a tolling period for continuing harm has been recognized (see e.g. Matter of Johnson v Carro, 24 AD3d 140, 141 [1st Dept 2005], lv denied 7 NY3d 704 [2006]; Taub v Committee on Professional Stds. for Third Jud. Dept., 200 AD2d 74, 77-78 [3d Dept 1994]) and would be adopted by our concurring colleague, we reject its application in this situation.  Once the People definitively demonstrated their intent to re-prosecute and the court began to calendar the case for eventual trial, Smith was obligated to initiate his Double Jeopardy-based article 78 challenge within the statutorily prescribed time frame.  On the facts of this case, that period expired well before prohibition was sought, and therefore, the proceeding was barred by the statute of limitations.

Matter of Eric Smith v Hon. Richard A. Brown et al.

No. 168

LIPPMAN, Chief Judge (concurring in the result):

I cannot agree with the majority that the petition is untimely. I concur in the result as I also believe that the Appellate Division order should be reversed and the petition dismissed, but I reach that result on the merits.

The majority implicitly rejects respondent's contention that the statute of limitations starts to run on the date the trial court declares a mistrial. Presumably they do so on the basis that the declaration of mistrial is not a "final and binding" decision to retry the defendant in the criminal case (CPLR 217 [1]; Matter of Holtzman v Marrus, 74 NY2d 865 [1989]; Matter of Edmead v McGuire, 67 NY2d 714 [1986]).

The majority apparently concludes the determination became final and binding "[o]nce the People definitively demonstrated their intent to re-prosecute and the court began to calendar the case for eventual trial (majority op at 3)." This test is at best uncertain and can only engender unnecessary, protracted litigation on a preliminary issue.

Here, for example, the People repeatedly adjourned the proceedings. The People could have dropped the charges at any

- 1 -

time, which would have terminated the possibility of a retrial. The parties were in a holding pattern for over two years.

In any event, there is no reason to bar as untimely an article 78 petition raising a double jeopardy claim prior to retrial. The majority requires petitioner to go through retrial, conviction, and appeal in order to raise this double jeopardy claim.

I would adopt the holding of the Appellate Division in Matter of Johnson v Carro (24 AD3d 140, 141 [1st Dept 2005], lv denied 7 NY3d 704 [2006]) that respondent's assertion of authority to retry petitioner is a continuing wrong. The nature of prohibition proceedings, that they address "whether [a] body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction" (Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786 [1993] [quotation marks and citation omitted]), calls into question "the very applicability of the four-month statute of limitations" of CPLR 217 (1) (Siegel, NY Prac § 566, at 1006 [5th ed 2011]). Unlike article 78 proceedings based on certiorari or mandamus, a prohibition proceeding "is one that implies a lack of jurisdiction on the part of the respondent that would presumably be a continuing one -- it can be argued that the four months may be measured from any point during the jurisdiction's continued exercise" (Siegel, NY Prac § 566, at 1006 [5th ed 2011]).

Nonetheless, petitioner is not entitled to a writ of prohibition since, on the merits, the trial court properly declared a mistrial based on manifest necessity. The jury in this case was thoroughly tainted by gross misconduct justifying mistrial. While the jury panel was focusing on whether the evidence showed "possession of a gun," juror 11 told the panel "the only thing that we should focus on is whether we believe that the gun was in the car or not." Juror 11 obtained this advice from his lawyer friend whom he had called the previous night to discuss a "hypothetical situation concerning a gun." Jurors 7 and 12 sent a note to the court reporting that juror 11 had recounted this to the entire jury. Juror 12 indicated to the court that she was angry about what occurred and uncomfortable with juror 11's behavior. Juror 11 then admitted his misconduct. Rejecting defense counsel's request to poll the remaining jury members as to their impartiality, as is the normal course, the court emphasized that juror 11's actions went "above and beyond" usual misconduct because his disclosure of the lawyer's advice on an integral issue to the case had "tainted" and "compromised" the "absolute integrity of the jury process" and irreparably infected the entire jury. The court was "absolutely satisfied" that "the very heart and integrity of the jury process ha[d] been compromised," resulting in an incurable taint to the entire trial. Under the circumstances, it cannot be said that the trial court abused its discretion in declaring a mistrial (see Matter

of Rivera v Firetog, 11 NY3d 501, 507 [2008], cert denied 556 US
1193 [2009]; Matter of Enright v Siedlecki, 59 NY2d 195, 200
[1983]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, without costs, and petition dismissed, in a
memorandum.  Judges Graffeo, Read, Smith, Pigott, Rivera and
Abdus-Salaam concur.  Chief Judge Lippman concurs in result in an
opinion.

Decided October 21, 2014