OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the petition dismissed.
Petitioner Eric Smith was charged with weapon possession after the police stopped him for a traffic infraction and discovered that he was carrying a loaded handgun. During jury deliberations, two jurors sent a note to the court reporting that juror 11 had recounted to the entire jury “a conversation he had with a lawyer friend regarding hypothetical cases involving a gun.” After the three jurors were questioned, the court dismissed juror 11 with the consent of defense counsel and the prosecutor.
Following a short recess, the prosecutor requested that a mistrial be declared because only 11 jurors remained. Defense counsel opposed a mistrial and asserted that deliberations could continue with 11 jurors, relying on People v Gajadhar (9 NY3d 438 [2007]). The court declined to proceed with fewer than 12 jurors and granted a mistrial, finding that “the very heart and integrity of the jury process has been compromised by the juror misconduct in this case.”
The People sought to prosecute Smith again and the case was adjourned repeatedly for more than two years. When the trial date finally arrived, the case was again postponed because Smith had commenced this CPLR article 78 prohibition proceeding in the Appellate Division. He claimed that the Double Jeopardy Clause barred a retrial because deliberations could have continued with 11 jurors under Gajadhar and there was no “manifest necessity” demanding a mistrial. The People responded that the article 78 petition was untimely because it was filed more than four months after the mistrial had been declared.
The Appellate Division held that the proceeding had been timely commenced under a “continuing harm” theory and granted the writ of prohibition (see 105 AD3d 965 [2d Dept 2013]). The court concluded that the declaration of a mistrial was an abuse of discretion because the trial court did not consider alternative remedies, such as continuing the proceed *983 ings with an 11-member jury; asking the jurors about their ability to remain impartial; or issuing a curative instruction to cure the taint.
We now reverse. A four-month limitations period applies to CPLR article 78 prohibition proceedings (see CPLR 217 [1]; see e.g. Matter of Holtzman v Marrus, 74 NY2d 865, 866 [1989]) and the petition here was filed more than two years after the mistrial was declared. Although a tolling period for continuing harm has been recognized (see e.g. Matter of Johnson v Carro, 24 AD3d 140, 141 [1st Dept 2005], lv denied 7 NY3d 704 [2006]; Taub v Committee on Professional Stds. for Third Jud. Dept., 200 AD2d 74, 77-78 [3d Dept 1994]) and would be adopted by our concurring colleague, we reject its application in this situation. Once the People definitively demonstrated their intent to re-prosecute and the court began to calendar the case for eventual trial, Smith was obligated to initiate his double jeopardy-based article 78 challenge within the statutorily prescribed time frame. On the facts of this case, that period expired well before prohibition was sought, and therefore, the proceeding was barred by the statute of limitations.