Chief Judge Lippman
(concurring in result). I cannot agree with the majority that the petition is untimely. I concur in the result as I also believe that the Appellate Division order should be reversed and the petition dismissed, but I reach that result on the merits.
The majority implicitly rejects respondent’s contention that the statute of limitations starts to run on the date the trial court declares a mistrial. Presumably they do so on the basis that the declaration of mistrial is not a “final and binding” decision to retry the defendant in the criminal case (CPLR 217 [1]; Matter of Holtzman v Marrus, 74 NY2d 865 [1989]; Matter of Edmead v McGuire, 67 NY2d 714 [1986]).
The majority apparently concludes the determination became final and binding “[o]nce the People definitively demonstrated their intent to re-prosecute and the court began to calendar the case for eventual trial” (majority mem at 983). This test is at best uncertain and can only engender unnecessary, protracted litigation on a preliminary issue.
Here, for example, the People repeatedly adjourned the proceedings. The People could have dropped the charges at any time, which would have terminated the possibility of a retrial. The parties were in a holding pattern for over two years.
In any event, there is no reason to bar as untimely a CPLR article 78 petition raising a double jeopardy claim prior to *984 retrial. The majority requires petitioner to go through retrial, conviction, and appeal in order to raise this double jeopardy claim.
I would adopt the holding of the Appellate Division in Matter of Johnson v Carro (24 AD3d 140, 141 [1st Dept 2005], lv denied 7 NY3d 704 [2006]) that respondent’s assertion of authority to retry petitioner is a continuing wrong. The nature of prohibition proceedings, that they address “whether [a] body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction” (Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786 [1993] [internal quotation marks and citation omitted]), calls into question “the very applicability of the four-month statute of limitations” of CPLR 217 (1) (Siegel, NY Prac § 566 at 1006 [5th ed 2011]). Unlike article 78 proceedings based on certiorari or mandamus, a prohibition proceeding “is one that implies a lack of jurisdiction on the part of the respondent that would presumably be a continuing one — it can be argued that the four months may be measured from any point during the jurisdiction’s continued exercise” (Siegel, NY Prac § 566 at 1006 [5th ed 2011]).
Nonetheless, petitioner is not entitled to a writ of prohibition since, on the merits, the trial court properly declared a mistrial based on manifest necessity. The jury in this case was thoroughly tainted by gross misconduct justifying mistrial. While the jury panel was focusing on whether the evidence showed “possession of a gun,” juror 11 told the panel “the only thing that we should focus on is whether we believe that the gun was in the car or not.” Juror 11 obtained this advice from his lawyer friend whom he had called the previous night to discuss a “hypothetical situation concerning a gun.” Jurors 7 and 12 sent a note to the court reporting that juror 11 had recounted this to the entire jury. Juror 12 indicated to the court that she was angry about what occurred and uncomfortable with juror ll’s behavior. Juror 11 then admitted his misconduct. Rejecting defense counsel’s request to poll the remaining jury members as to their impartiality, as is the normal course, the court emphasized that juror ll’s actions went “above and beyond” usual misconduct because his disclosure of the lawyer’s advice on an integral issue to the case had “tainted” and “compromised” the “absolute integrity of the jury process” and irreparably infected the entire jury. The court was “absolutely satisfied” that “the very heart and integrity of the jury process ha[d] been compromised,” *985 resulting in an incurable taint to the entire trial. Under the circumstances, it cannot be said that the trial court abused its discretion in declaring a mistrial (see Matter of Rivera v Firetog, 11 NY3d 501, 507 [2008], cert denied 556 US 1193 [2009]; Matter of Enright v Siedlecki, 59 NY2d 195, 200 [1983]).
Judges Graffeo, Read, Smith, Pigott, Rivera and AbdusSalaam concur; Chief Judge Lippman concurs in result in an opinion.
Order reversed, without costs, and petition dismissed, in a memorandum.