People v Smith (2019 NY Slip Op 07622)





People v Smith


2019 NY Slip Op 07622


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-12726
 (Ind. No. 1075/09)

[*1]The People of the State of New York, respondent,
v
Eric Smith, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered November 15, 2016, convicting him of criminal possession of a weapon in the second degree (two counts) and violation of Vehicle and Traffic Law § 1110, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
The defendant was charged under Queens County Indictment No. 1075/09 with two counts of criminal possession of a weapon in the second degree and two counts of violating Vehicle and Traffic Law § 1110 following an incident in which the police, during a traffic stop, allegedly recovered a loaded firearm from the defendant's waistband. On July 22, 2010, at the start of the second day of jury deliberations, after the alternate jurors had been dismissed, two jurors requested permission to speak to the court. The two jurors reported that another juror, juror number 11, told the panel that morning that he had spoken to a "lawyer friend" about a "hypothetical situation concerning a gun" and that the attorney told him that the only thing that they, as a jury, should focus on was whether they believed that a gun was present in the car. When asked, one of the two jurors who reported this incident indicated that juror number 11's comments did not cause her any unpleasantness or difficulties as a juror. The other juror who reported the incident indicated that she was "angry" and "uncomfortable" with juror number 11, but stated that she thought she could continue to deliberate and that she had "pretty much" made her decision regarding the verdict the night before.
The People and the defense both agreed that juror number 11 had committed juror misconduct and should be discharged. After discharging juror number 11, the Supreme Court asked the parties for their positions on whether the trial could be continued with the remaining 11 jurors. The People indicated that they would not consent to going forward. Defense counsel urged the court to allow the trial to proceed, arguing that the taint had been removed and that his client had a right to proceed with 11 jurors. Over this objection, the court declared a mistrial, finding that the absolute [*2]integrity of the jury process had been compromised. Defense counsel objected again, urging the court to conduct an inquiry of the entire panel. The court denied this request.
The defendant commenced a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the District Attorney's office, among others, from retrying him. This Court granted the petition. The Court of Appeals reversed on procedural grounds without addressing the merits (see Matter of Smith v Brown, 24 NY3d 981, revg 105 AD3d 965). Following a retrial, the defendant was convicted of criminal possession of a weapon in the second degree (two counts) and a violation of Vehicle and Traffic Law § 1110.
Contrary to the defendant's contentions, this Court's decision and order in Matter of Smith v Brown (105 AD3d 965), which was reversed by the Court of Appeals on procedural grounds (see Matter of Smith v Brown, 24 NY3d at 981), is not the law of the case (see generally Voss v Netherlands Ins. Co., 136 AD3d 1288, 1289; J.N.K. Mach. Corp. v TBW, Ltd., 98 AD3d 1259, 1260).
This Court, however, retains the responsibility of reviewing the issue of double jeopardy on the merits. The double jeopardy clauses of the New York State and United States Constitutions protect an accused from multiple prosecutions for the same offense (see US Const 5th Amend; NY Const, art I, § 6; People v Baptiste, 72 NY2d 356; Matter of Morris v Livote, 105 AD3d 43). In a jury trial, once the jury is empaneled and sworn, jeopardy attaches (see CPL 40.30[1][b]; People v Ferguson, 67 NY2d 383), and the defendant has a "valued right to have his trial completed by a particular tribunal" (Matter of Smith v Marrus, 33 AD3d 708, 709 [internal quotation marks omitted]; see Illinois v Somerville, 410 US 458, 463). When a mistrial is declared without the consent of or over the objection of a defendant, a retrial is precluded unless " there was manifest necessity for the mistrial or the ends of public justice would be defeated'" (Matter of Smith v Marrus, 33 AD3d at 709, quoting People v Ferguson, 67 NY2d at 388; see United States v Perez, 22 US 579, 580; People v Michael, 48 NY2d 1, 9; Matter of Morris v Livote, 105 AD3d 43).
Although a trial court's decision to declare a mistrial is accorded deference, the court's discretion is not unlimited (see Matter of Enright v Siedlecki, 59 NY2d 195, 200). The People bear a "heavy" burden to demonstrate that the mistrial was manifestly necessary (Arizona v Washington, 434 US 497, 505; see Matter of Capellan v Stone, 49 AD3d 121, 126). Indeed, even if the reasons for granting a mistrial are deemed actual and substantial, the trial court must explore appropriate alternatives and provide a sufficient basis in the record for resorting to this "drastic measure" (Matter of Capellan v Stone, 49 AD3d at 126; see Hall v Potoker, 49 NY2d 501, 505; Matter of Morris v Livote, 105 AD3d at 43).
Here, the People have not met their burden of demonstrating that the declaration of a mistrial was manifestly necessary. While it is undisputed that juror number 11 was grossly unqualified to continue serving, the Supreme Court abused its discretion in declaring a mistrial without considering other alternatives. The defendant specifically indicated his desire to waive trial by a jury of 12 individuals and proceed with the remaining 11 jurors, an option that has been endorsed by the Court of Appeals (see People v Gajadhar, 9 NY3d 438). Under the circumstances presented, as urged by defense counsel, it would have been appropriate to poll the remainder of the jurors to ascertain whether they could render an impartial verdict (see Matter of Morris v Livote, 105 AD3d at 43; Matter of Rubenfeld v Appelman, 230 AD2d 911, 912; see generally Matter of Robles v Bamberger, 219 AD2d 243, 246). Moreover, as the improper information imparted to the jurors did not significantly prejudice the People, the court should have considered whether a specific curative instruction could have clarified what constituted "evidence" and whether such an instruction could have cured the impropriety (see Matter of Morris v Livote, 105 AD3d at 43; Matter of Rubenfeld v Appelman, 230 AD2d at 912). Accordingly, there was an insufficient basis in the record for the declaration of a mistrial, and thus, a retrial was precluded.
In light of our determination, we need not address the defendant's remaining contentions.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court