Matter of Solny v Chun (2025 NY Slip Op 02347)

Matter of Solny v Chun

2025 NY Slip Op 02347

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2024-12872 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Sanford Solny, petitioner, 
v
Danny Chun, etc., et al., respondents.

Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Danielle Muscatello and Donna Aldea of counsel), for petitioner.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehey, and Jessica White of counsel), respondent pro se.

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents, Danny Chun, an Acting Justice of the Supreme Court, Kings County, and Eric Gonzalez, District Attorney, Kings County, from, inter alia, proceeding with the trial of the petitioner in a criminal action entitled People v Solny, pending in the Supreme Court, Kings County, under Indictment No. 70212/23. Motion by the respondent Eric Gonzalez, District Attorney, Kings County, pursuant to CPLR 3211(a) to dismiss the petition, inter alia, as time-barred.
Upon the petition, and the papers filed in support of the motion, it is
ORDERED that the motion pursuant to CPLR 3211(a) to dismiss the petition is granted; and it is further,
ADJUDGED that the proceeding is dismissed, without costs or disbursements.
A four-month limitations period applies to CPLR article 78 prohibition proceedings (see CPLR 217[1]; Matter of Holtzman v Marrus, 74 NY2d 865, 866). Once the People definitively demonstrated their intent to prosecute and the Supreme Court began to calendar the case for eventual trial, the petitioner was obligated to initiate his CPLR article 78 challenge within the statutorily prescribed time frame (see Matter of Smith v Brown, 24 NY3d 981, 983). Here, that period expired before prohibition was sought, and therefore, this proceeding is barred by the statute of limitations.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court